```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                  *
JOSE LEITE,
                                  *
     Plaintiff,
                                  *
         v.                            CIVIL NO.: WDQ-09-0742
                                  *
SEVERSTAL SPARROWS POINT,
LLC, et al.,
                                  *
     Defendants.
                                  *


JOSE CASTILLO and                 *
JOANNA CASTILLO
                                  *
     Plaintiffs,
                                  *
         v.                            CIVIL NO.: WDQ-09-1158
                                  *
SEVERSTAL SPARROWS POINT,
LLC, et al.,
                                  *
     Defendants.

                                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Jose Castillo and Jose Leite sued Severstal Sparrows Point, LLC ("SSP") and others for negligence in the Circuit Court for Baltimore City.[1]  The defendants removed to this Court on the

---

[1] Castillo's wife, Joanna, also sued for loss of consortium.

basis of diversity. SSP impled John B. Conomos, Inc. ("Conomos"). Pending are SSP's motions for summary judgment on its third-party complaints.[2] For the following reasons, the motions will be denied.

I.  Background

SSP operates Sparrows Point, a steel mill in Sparrows Point, Maryland. *See* Mot. Summ. J., Ex. 6 (Jeffrey S. Wetzel Aff. ¶ 1, Oct. 20, 2009). SSP entered into an agreement with Conomos, under which Conomos performed industrial cleaning in the Tin Mill at Sparrows Point. *Id.* ¶ 4; Mot. Summ. J., Ex. 1 ("Contractor Agreement"). On April 26, 2006, Conomos employees, including Leite and Jose Castillo, were sent to the Tin Mill to wash the interior of the "bottom back-up roll pits." Wetzel Aff. ¶ 4. While Leite and Castillo were cleaning the No. 5 pit, SSP employees began repairing a water scoop hanging above the pit. *Id.* It was necessary to remove the water scoop, and, as a safety precaution, the SSP employees ordered the Conomos employees to leave the pit. *Id.* They did so, but Leite and

---

[2] The Castillos and Leite filed separate suits. The Castillos' is WDQ-09-1158; Leite's is WDQ-09-0742. SSP has impled Conomos and sought summary judgment on the same grounds in both cases; Conomos has filed identical oppositions.

Castillo soon returned. *Id*. They were injured when the water scoop fell into the pit. *Id*.

On February 26, 2009, Leite sued SSP and others for negligence in the Circuit Court for Baltimore City. WDQ-09-0742, Paper No. 2. Castillo and his wife, Joanna, sued the same parties for negligence and loss of consortium in the Circuit Court on April 1, 2009. WDQ-09-1158, Paper No. 2. On March 25, 2009, the defendants removed Leite's suit to this Court on the basis of diversity. WDQ-09-0742, Paper No. 1. The defendants removed the Castillos' suit on the same basis on May 5, 2009. WDQ-09-1158, Paper No. 2.

On May 12 and 13, 2009, SSP impled Conomos in the Leite and Castillo cases, respectively. In its third-party complaints, SSP cited a provision of its agreement with Conomos under which:

> [Conomos] expressly agree[d] to protect, defend, indemnify, and save harmless [SSP] . . . from and against any and all liability, loss, damages, costs and expenses of every character whatsoever, claims . . . and demands for any . . . injuries to persons sustained by [SSP], [Conomos] . . . or their employees . . . occurring in connection with [the cleaning] . . . except to the extent such injury, damage or loss is due to the negligence of [SSP], its agents or employees (other than Conomos).

3

Contractor Agreement, General Terms & Conditions, § 29(a) [hereinafter "Agreement"].[3]  SSP had demanded that Conomos assume the defense of Leite's suit on April 17, 2009. Pl.'s Mot. Summ. J., Ex. 2 (Letter from William A. Crawford, Esq. to George Hrisanthacopolous).  On May 13, 2009, SSP made the same demand to Conomos with respect to the Castillos' suit.  Pl.'s Mot. Summ. J., Ex. 2 (Letter from William A. Crawford, Esq. to George Hrisanthacopolous).  Conomos did not respond to either demand. *Id.*, Ex. 3 (William A. Crawford, Esq. Aff. ¶ 3).  On October 20, 2009, SSP moved for summary judgment on its third-party complaints.  Paper No. 34.

---

[3] Under the Agreement, Conomos waived immunity from suit under the Maryland Workers' Compensation Act, Md. Code. Ann., Lab. & Empl. § 9-101 *et seq*.  Under § 29(f):

> If any claims are brought against [SSP] . . . by [a Conomos employee] . . . the indemnification obligation of Conomos shall be absolute, and shall not be affected in any way by any claims or benefits paid or payable by or on behalf of [Conomos] under any workers' compensation acts, disability benefit acts or other employee benefit acts.

Such waivers are permissible under Maryland law. *See Mason v. Callas Contractors, Inc.*, 494 F. Supp. 782 (D. Md. 1980).  Thus, even if Castillo or Leite has received workers' compensation from Conomos--which is not clear from the record--SSP was permitted to implead Conomos.

II. Analysis

    A.  Standard of Review

Under Rule 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

**B.  SSP's Requests for Relief**

Although SSP's complaints plead a claim for "indemnification," it is apparent that SSP seeks two distinct forms of relief: enforcement of Conomos's duty to defend against the underlying suits and its duty to indemnify against liability stemming from the suits.[4]  The duty to defend in an indemnity agreement is generally broader than the duty to indemnify; the latter covers liability incurred by the promisee, and the former covers costs and expenses incurred in defending the suit and in enforcing the duties to indemnify and defend.  *See, e.g.*, *Applied Signal & Image Tech., Inc. v. Harleysville Mut. Ins. Co.*, 252 F. Supp. 2d 215, 218 (D. Md. 2003).  Thus, even if the promisee incurs no liability, it may still be entitled to the costs of defending the suit and enforcing its rights.  *See id*.  The duty to defend may also include the promisor's duty to take over the defense of a suit upon demand by the promisee.  *Id*.  It is necessary to consider the duties separately.

**1. Duty to Indemnify**

SSP argues that because Conomos's negligence "caused or contributed to" Leite's and Castillo's injuries by failing to properly supervise Leite and Castillo during the cleaning,

---

[4] Under § 29(a) of the Agreement, Conomos promised to "indemnify [SSP] . . . from . . . any and all liability" and to "defend . . . [SSP] . . . against . . . claims, actions, [and] suits."

Conomos must indemnify it under the Agreement.  Conomos does not dispute that its negligence contributed to the plaintiffs' injuries, but argues that SSP's motions are premature.

"The right[] . . . to indemnification . . . whether based on contract or tort, accrue[s] at the time of payment [by the indemnitee] and not before."  *Cotham v. Bd. of County Comm'rs*, 260 Md. 556, 273 A.2d 115, 121 (1971) (*quoting S. Md. Oil Co. v. Tex. Co.*, 203 F. Supp. 449, 452-53 (D. Md. 1962)).  Because SSP has not been found liable to Leite or Castillo, its claims for indemnification are not ripe.  *See id.*

Although in some cases a putative indemnitee may sue for a declaratory judgment of its rights against an indemnitor, *see, e.g., Nautilus Ins. Co. v. BSA Ltd. P'ship*, 602 F. Supp. 2d 641 (D. Md. 2009), that relief is not warranted here.  Because SSP has raised colorable affirmative defenses to the suits--such as assumption of the risk and contributory negligence--there is a significant possibility that SSP will not be held liable.  An additional complication is the Agreement's limitation of SSP's right to indemnity.  Under § 29(a), SSP has a right to indemnification "*except to the extent* [that the] injury is due to the negligence of [SSP]" (emphasis added).[5]  Conomos's

---

[5] This limitation of Conomos's obligation appears to conflict with the provision that:

indemnification obligation is limited by "the extent" to which SSP's negligence may have contributed to the plaintiffs'

---

> In the event of any such claim [*i.e.*, a claim of loss or injury stemming from the Conomos's cleaning] of any kind, [Conomos] agrees to assume at its expense and on behalf of [SSP] and at its demand, the defense of any action at law . . . which may be brought against [SSP] and to pay on behalf of [SSP] the amount of any judgment that may be entered against [SSP].

This provision appears to give SSP the right to indemnification and defense regardless of whether its negligence caused the alleged injury. A maintenance agreement providing for indemnification when the indemnitee's negligence is the sole cause of the plaintiff's injuries is unenforceable under Maryland law. *See* Md. Code. Ann., Cts. & Jud. Proc. § 5-401(a); *Bethlehem Steel Corp. v. G.C. Zarnas & Co.*, 304 Md. 183, 498 A.2d 605 (1985) (applying § 5-401(a)'s predecessor statute to a contract for services provided at Sparrows Point). It appears that § 5-401(a) does not prohibit indemnification when the indemnitee's negligence contributes to--but is not solely responsible for--the plaintiff's injury. *See id.*

Apparently anticipating the potential unenforceability of that provision, §29(b) of the Agreement states that:

> In any jurisdiction wherein a provision requiring [Conomos] to indemnify [SSP] against the consequences of [SSP's negligence] would be void or unenforceable, [§ 29(a)] shall be deemed to apply only to such matters, *excluding [SSP's] negligence*, as may be validly indemnified against in any such jurisdiction.

(emphasis added). This is consistent with the provision of §29(a), under which SSP is indemnified "except to the extent [that the injury] is due to the negligence of SSP." That provision will be enforced.

8

injuries.[6] Thus, determining whether--and to what extent--SSP was negligent is a prerequisite to determining Conomos's obligation to SSP. Because SSP's negligence is a question in the underlying suits, ruling on it in this motion would be premature.[7] Accordingly, SSP's motions for summary judgment on Conomos's duty to indemnify must be denied.

   2. The Duty to Defend

SSP also seeks enforcement of Conomos's duty to defend. Under §29(a) of the Agreement, Conomos must "defend . . . [SSP] . . . against . . . *claims, actions, [and] suits*" arising out of Conomos's cleaning work at Sparrows Point (emphasis added). The claims against SSP in the underlying suits are likely within this provision; the plaintiffs were allegedly injured while performing the work specified in the Agreement. SSP demanded defense of the suits from Conomos; Conomos failed to respond to the demands. SSP argues that Conomos breached the contract by doing so.

Conomos notes that like its duty to indemnify, its duty to defend is limited "to the extent [that the] injury is due to the

---

[6] Although the provision refers to an indemnification right, it appears to provide a right to contribution.

[7] *See Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 347 A.2d 842, 849 (1975) ("[W]he[n] . . . the question to be resolved in the declaratory judgment action will be decided in pending actions, it is inappropriate to grant a declaratory judgment.").

negligence of [SSP]."  Because SSP's negligence is yet to be determined in the underlying suit, Conomos argues that enforcement of the duty to defend would be premature.

Given that the duty to defend applies to "claims, actions, and suits" for injuries arising out of Conomos's work at Sparrows Point, it appears to have been triggered by the filing of the underlying suits, alleging injuries sustained while cleaning the Tin Mill.  When Conomos rejected SSP's tenders, it appears that Conomos breached its contractual obligation to defend the suits.  However, although Conomos may have breached the Agreement, it is unclear whether SSP seeks an order requiring Conomos to take over the defense of the suit or reimbursement for the fees and costs incurred in the defense of them.  Although its complaint and motion for summary judgment request only the award of costs and attorneys' fees, because SSP's motions demand those costs and fees now, it also appears to request that Conomos be ordered to assume defense of the suits going forward.

At this stage in the litigation, an award of costs and fees is not possible.  Like Conomos's duty to indemnify, its duty to defend is limited "to the extent [that the] injury is due to the negligence of [SSP]."  Thus, SSP's recovery of costs and fees will be reduced to the extent its negligence caused the injuries

10

alleged in the underlying suits.  Because SSP's negligence--if any--has not been determined, the Court cannot assess SSP's entitlement.  If SSP is not liable to the plaintiffs, it will be entitled to all reasonable costs and fees incurred in defense of the suits.  If SSP is liable, another proceeding will be necessary to determine the portion of the alleged injuries for which SSP is responsible.  SSP's recovery will be reduced in proportion to its contribution to the alleged injuries.

The limitation of Conomos's obligation for costs and fees does not necessarily limit its duty to assume the defense of the actions.  If Conomos were ordered to defend the suits, and SSP were found liable, SSP could be ordered to reimburse Conomos in proportion to SSP's contribution to injuries, which could be determined in a subsequent proceeding.  However, as Conomos notes, ordering Conomos to assume SSP's defense may create a conflict.  If SSP is not liable to the plaintiffs in the underlying suits, Conomos will be responsible for all reasonable costs and fees incurred in the defense; if SSP is liable, Conomos's liability to SSP for costs and fees may be reduced to the extent SSP's negligence contributed to the plaintiffs' injuries.  In other words, Conomos would stand to gain from an adverse outcome for SSP.  Accordingly, the Court will not order Conomos to assume the defense of the underlying suits.

Because summary judgment on SSP's indemnification and defense claims would be premature, its motions will be denied.

February 3, 2010                     _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge